```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

SHAWN PAULS,                       :
    Plaintiff,                     :
                                            PRISONER
V.                                 :  Case No. 3:04-CV-1525(RNC)

J. DONOVAN, ET AL.,                :
    Defendants.                    :
```

RULING AND ORDER

Plaintiff, a Connecticut inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 claiming that employees of the Connecticut Department of Correction violated his Fourteenth Amendment right not to be deprived of a liberty interest without due process of law.  He alleges that the defendants falsely accused him of assaulting a correctional officer, denied him due process at the ensuing disciplinary hearing, then mishandled his administrative appeal.  The defendants have moved to dismiss the action.  They do not contend that the plaintiff lacked a protected liberty interest, but do contend that the process he received was sufficient.  It is not clear beyond doubt that the plaintiff can prove no set of facts consistent with his allegations that would support a finding that the process he received was insufficient.  Accordingly, the motion to dismiss is denied.

I.   Facts

Plaintiff alleges the following facts, which are accepted as

true and viewed in a manner most favorable to him.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. S. Peru Copper Corp., 343 F.3d 140, 143 (2d Cir. 2003).  On April 22, 2004, at the MacDougall Correctional Institution, defendant Donovan accused plaintiff of touching her in a sexual manner.  No staff members or inmates witnessed the incident.  After viewing surveillance tapes, defendant Mulligan had plaintiff arrested and made false statements against him during a subsequent criminal investigation and state court proceeding.  As a result, plaintiff was transferred to Northern Correctional Institution and classified as a sex offender.

On May 5, 2004, plaintiff attended a hearing conducted by defendant Alexander. He asked to speak with an attorney or advocate but his request was denied.  He was not given 24 hours advance notice of the hearing or a copy of the disciplinary report prior to the hearing.  The hearing resulted in a finding of guilt.  Since then, defendant Nolan has delayed plaintiff's requests for legal calls (or placed the calls on days plaintiff did not request).

On May 7, 2004, plaintiff submitted an appeal form to a correctional counselor.  The appeal never reached the district office.  On July 1, 2004, the disciplinary report coordinator allowed plaintiff to resubmit his appeal.  On December 1, 2004, defendant Acosta informed the plaintiff that he found no reason

to modify the hearing officer's decision.  This suit followed.

II.  Discussion

To prevail on his claim against one or more of the defendants, plaintiff must show that he had a protected liberty interest and that the defendant deprived him of that interest without due process.  Taylor v. Rodriguez, 238 F.3d 188, 191 (2d Cir. 2001).  As mentioned above, the defendants do not contend that the plaintiff had no protected liberty interest but deny that the process he received was inadequate.  At this preliminary stage of the case, the complaint can be dismissed on this basis only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the [plaintiff's] allegations."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

An inmate who is the subject of a disciplinary hearing is entitled to receive written notice of the charges.  See Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974).  In addition, he should be allowed to call witnesses and present evidence unless doing so will jeopardize institutional safety and security.  Id. at 566. An inmate has no right to retained or appointed counsel, but in some circumstances may be entitled to advice or help from others. Id. at 570; see also Silva v. Casey, 992 F.2d 20, 22 (2d Cir. 1993) (per curiam).

Defendants contend that these requirements were met. For support, they refer to a copy of a disciplinary report that is attached to the second amended complaint. The report indicates that it was delivered to the plaintiff on April 23, 2004, in advance of the hearing. However, the report bears a notation by the plaintiff indicating that he did not receive a copy of the disciplinary report until one was handed to him by defendant St. John on June 7, 2004, approximately one month after the hearing.[1] Defendants also refer to a disciplinary process summary report provided by the plaintiff. The report indicates that the plaintiff declined the assistance of an advocate, but an inmate grievance submitted by plaintiff states that his request for an advocate was denied.

On this record, it is not clear that plaintiff cannot prove a violation of his right to due process in connection with the disciplinary hearing at issue.

III. Conclusion

Accordingly, defendants' motion to dismiss [doc. # 29] is hereby denied. Defendants will respond to all outstanding discovery requests on or before May 1, 2006. All discovery must

---

[1] In addition, plaintiff has provided copies of two inmate requests, dated May 4, 2004, and June 7, 2004, asking for his copy of the disciplinary report, and a copy of an inmate grievance, dated May 10, 2004, in which he states that he was required to attend the disciplinary hearing without having received a copy of the disciplinary report.

be completed (not initiated) by June 1, 2006.  Any motion for summary judgment must be filed by July 1, 2006.  If no such motion is filed, the case will be placed on the jury selection calendar for July 2006.

 So ordered.

 Dated at Hartford, Connecticut this 30th day of March, 2006.


              _____\s_____

                  Robert N. Chatigny
                United States District Judge