UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
SHAWN PAULS                     :
                                :           PRISONER
     v.                         :   Case No.  3:04C1525(RNC)(DFM)
                                :
J. DONOVAN, et al.              :
```

RULING AND ORDER

The plaintiff has filed motions for appointment of counsel, for a protective order and to compel discovery. In addition, the defendants have filed a motion for extension of time. For the reasons that follow, the plaintiff's motions are denied and the defendants' motion is granted.

I.   Motion for Protective Order [doc. #49]

The plaintiff's motion for a protective order is denied.

II.  Motion for Appointment of Counsel [doc. #50]

The plaintiff asks the court to appoint pro bono counsel. He attaches to his motions letters from Inmates' Legal Assistance Program and other legal assistance organizations and law firms declining assistance.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even

considered, the indigent person must demonstrate that he is unable to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). In addition, when deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." Id.; see also Machadio v. Apfel, 276 F.3d 103, 107-08 (2d Cir. 2002). The Second Circuit has cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." Cooper v. Sargenti, 877 F.2d at 173-74. The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Id. at 171; see also Carmona v. United States Bureau of Prisons, 234 F.3d 629, 632 (2d Cir. 2001).

The defendants have moved for judgment on the pleadings on the ground that the plaintiff has not been deprived of any protected liberty interest. In addition, the letters from Inmates' Legal Assistance Program indicate that program attorneys have determined that the plaintiff cannot state a prima facie claim for the denial of a constitutional right. Based on this record, the court concludes that the plaintiff's claims do not pass the test of likely merit. Accordingly, the plaintiff's motion for appointment of counsel is denied without prejudice.

The plaintiff may refile his motion should the defendants' motion be denied.

III. <u>Motion to Compel [doc. #51]</u>

The plaintiff asks the court to compel the defendants to respond to all outstanding discovery requests.

Rule 37, D. Conn. L. Civ. R., provides in relevant part:

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.

The purpose of this rule is to encourage the parties to make a good faith effort to resolve the dispute without the intervention of the court.  See <u>Getschmann v. James River Paper Co., Inc.</u>, Civil 5:92cv163 (WWE), slip op. at 2 (D. Conn. January 14, 1993) (court should not "become unnecessarily involved in disputes that can and should be resolved by the parties").  In addition, Rule 37(a)3 requires that any discovery motion be accompanied by a memorandum of law "contain[ing] a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed."  Copies of the discovery requests must be included as exhibits.

The plaintiff has not included evidence of any attempt to

resolve this matter with defendants' attorney.  In addition, he has not attached a copy of the discovery requests to his motion or submitted a memorandum as required under the local rule.  The plaintiff's motion to compel is denied without prejudice.

IV.  Motion for Extension of Time [doc. #54]

Finally, the defendants seek an extension of time, until thirty days after the court rules on their motion for judgment on the pleadings, to respond to the plaintiff's discovery requests.  The defendants' motion is granted.

V.  Conclusion

The plaintiff's motion for protective order [**doc. #49**] is **DENIED**.  His motions for appointment of counsel [**doc. #50**] and to compel [**doc. #51**] are **DENIED** without prejudice.  The defendants' motion for extension of time [**doc. #54**] is **GRANTED.**

The plaintiff is reminded that his memorandum in opposition to the defendants' motion for judgment on the pleadings must be filed on or before June 5, 2006.

**SO ORDERED** this 23rd day of May, 2006, at Hartford, Connecticut.

>        /s/ Donna F. Martinez
> DONNA F. MARTINEZ
> UNITED STATES MAGISTRATE JUDGE

4