```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

SHAWN PAULS,                      :
                                  :
    Plaintiff,                    :
                                  :
v.                                :     CASE NO. 3:04-CV-1525(RNC)
                                  :
J. DONOVAN, et al.,               :
                                  :
    Defendants.                   :

## RULING AND ORDER

Plaintiff Shawn Pauls, a former Connecticut state inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against personnel of the Connecticut Department of Correction ("DOC") claiming violations of his right to procedural due process under the Fourteenth Amendment to the United States Constitution. He also claims that he was falsely arrested and denied access to court in violation of his federal rights. The defendants have moved for summary judgment [doc. # 75]. For the reasons that follow, the motion is granted.

## BACKGROUND

The evidence in the record, viewed favorably to the plaintiff, would permit a jury to find the following facts. On April 22, 2004, a female officer at MacDougall Correctional Institution reported that plaintiff had made sexual advances toward her and touched her buttocks. A Connecticut state trooper was called to investigate. The plaintiff declined to make a statement until he spoke with his attorney. After reviewing a surveillance videotape, the shift commander at MacDougall

determined that plaintiff should be charged with assault and ordered him transferred to Northern Correctional Institution ("Northern"), DOC's highest security facility, pending disposition of the charge. Plaintiff was subsequently arrested by state police on criminal charges of fourth degree sexual assault in violation of Conn. Gen. Stat. § 53a-73a, and disorderly conduct in violation of Conn. Gen. Stat. § 53a-182.

On April 29, 2004, a DOC investigator met with the plaintiff at Northern in advance of a disciplinary hearing on the assault charge. The plaintiff refused to discuss the incident with anyone except his attorney.

On May 5, 2004, a disciplinary hearing was held. The hearing was attended by the plaintiff and the DOC investigator. Plaintiff was found guilty of assaulting the female officer based primarily on her written report. He received punishment of segregation for thirty days and loss of phone and other communication privileges for ninety days. An administrative appeal was promptly filed. After encountering delays and other problems, the appeal was eventually rejected on the merits.

On June 4, 2004, a hearing was held at Northern to determine where plaintiff should be confined. As a result of the hearing, he was placed in long-term administrative segregation at Northern. This placement was based in part on the guilty finding reached at the disciplinary hearing. Plaintiff remained in

administrative segregation at Northern until he was released from custody in or around December 2006. He had an opportunity to earn release to less restrictive confinement but declined to take advantage of it because he felt safer in segregation.

During his incarceration at Northern, plaintiff received a sex offender treatment score of three on a scale of one to five. Though the record is not clear, a jury could infer that this score was based on the guilty finding reached at the disciplinary hearing.

The criminal case did not result in a conviction on the sexual assault charge. However, plaintiff was convicted on the charge of disorderly conduct.

DISCUSSION

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." A defendant's motion for summary judgment may be granted when the admissible evidence in the record would not permit a jury to return a verdict in favor of the plaintiff. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In determining whether this standard is met, the court gives credence to any evidence favorable to the plaintiff. Evidence favorable to the defendant, on the other hand, is disregarded unless it is undisputed or

3

comes from a neutral source and is uncontradicted and unimpeached. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000) (discussing identical standard under Fed. R. Civ. P. 50).

I. Due Process

   A. Report of Assault

Plaintiff's memorandum in opposition to the defendants' motion asserts that his constitutional rights were violated when the female officer falsely accused him of assault. Assuming such a claim can be gleaned from a generous reading of the amended complaint, it is properly dismissed at this time. Falsely accusing an inmate of misconduct does not itself violate the Constitution. See Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997). "There must be more, such as retaliation against the prisoner for exercising a constitutional right." Id. Plaintiff alleges that the female officer falsely accused him of assault because of discrimination based on his race and in retaliation for his rejection of her sexual advances, but these allegations are wholly conclusory in nature and therefore insufficient to support a claim. See Yusuf v. Vassar Coll., 35 F.3d 709, 713 (2d Cir. 1994) (claims of discrimination lack merit when plaintiff fails to specifically allege any facts giving rise to an inference of discriminatory intent); Friedl v. City of New York, 210 F.3d 79, 85-86 (2d Cir. 2000) (prisoner's retaliation claim

requires "specific and detailed factual allegations," and cannot merely be stated in "wholly conclusory terms").

B. <u>Transfer to Northern</u>

Plaintiff's memorandum in opposition also asserts that his federal right to due process was violated when he was transferred to Northern without receiving a hearing in advance. Assuming this claim can also be gleaned from a generous reading of the amended complaint, it is without merit. Under the Due Process Clause of the Fourteenth Amendment, an adversary hearing is not required when an inmate is transferred to more restrictive confinement pending the outcome of a disciplinary charge. All that is required is "an informal, nonadversary review of the information supporting [the inmate's] administrative confinement, including whatever statement [the inmate] wishe[s] to submit, within a reasonable time after confining [him] to administrative segregation." <u>Hewitt v. Helms</u>, 459 U.S. 460, 472 (1983). On the present record, a jury would have to find that these minimal requirements were met. The record establishes, and plaintiff does not deny, that his transfer to Northern was ordered after the female officer accused him of assault, the state trooper tried to interview him, and the shift commander reviewed the surveillance videotape.

C. <u>Disciplinary Hearing</u>

The gravamen of the amended complaint concerns the

5

disciplinary hearing held on May 5, 2004. Plaintiff contends that he was found guilty of assaulting the female officer without being afforded procedural safeguards required by the Fourteenth Amendment. Defendants contend that they are entitled to summary judgment because the hearing did not involve a liberty interest protected by the Fourteenth Amendment, the process plaintiff received was adequate, and they are entitled to qualified immunity.

Under the Fourteenth Amendment, an inmate facing a disciplinary charge is entitled to procedural protections before being subjected to punishment that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Wilkinson v. Austin, 545 U.S. 209, 223 (2005) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). On the present record, viewed favorably to the plaintiff, a jury could find that the guilty finding reached at the May 5 disciplinary hearing resulted in atypical and significant hardship under Sandin because it provided the basis for plaintiff's punitive confinement and subsequent long-term administrative segregation. See Giano v. Selsky, 238 F.3d 223, 226 (2d Cir. 2001) (two periods of confinement may be aggregated for purposes of Sandin analysis when the second period is "simply a continuation" of the first and "the two periods of confinement [are] based on the same administrative rationale"). Under Second

6

Circuit case law, such a prolonged period of solitary confinement implicates a liberty interest protected by the Due Process Clause. See Colon v. Howard, 215 F.3d 227, 231 (2d Cir. 2000) (confinement in segregated conditions for 305 days requires procedural due process protections).[1]

Plaintiff claims that as a result of the May 5 disciplinary hearing he suffered the additional atypical and significant hardship of being labeled a sex offender by DOC. A Connecticut Superior Court has found that when DOC gives an inmate a sex offender treatment score of three, it "label[s] the [inmate] as a 'sex offender.'" Thomas v. Warden, 49 Conn. Supp. 416, 425 (Super. Ct. 2005). The record does not disclose the effect plaintiff's treatment score of three had on the conditions of his confinement. As just discussed, however, the length of time plaintiff spent in solitary confinement is sufficient to support a finding that the May 5 hearing implicated a protected liberty interest. Accordingly, it is unnecessary to decide whether the plaintiff's sex offender treatment score resulted in atypical and significant hardship under Sandin.

Plaintiff claims that the process he received in connection with the May 5 hearing was insufficient because he was not given

---

[1] In view of plaintiff's admitted failure to take advantage of the opportunity he was offered to gain release to less restrictive confinement at Northern, it is arguable that the entire period he spent in segregation should not be considered. But defendants have not shown that a shorter period should be used.

7

adequate notice or legal assistance. These claims are sound in theory. Due process requires that an inmate facing a disciplinary hearing receive written notice of the charge against him twenty-four hours before the hearing is conducted. See <u>Sira v. Morton</u>, 380 F.3d 57, 70 (2d Cir. 2004). Due process also requires that an inmate facing such a hearing be provided with assistance in marshaling evidence and presenting a defense when he has been transferred from the prison where the incident occurred and is being held in solitary confinement. See <u>Eng v. Coughlin</u>, 858 F.2d 889, 897-98 (2d Cir. 1988). But defendants submit affidavits attesting that plaintiff was given adequate notice and declined an offer of an advocate, and he offers no sworn affidavit or other admissible evidence disputing the defendants' version of the facts. When the defendants moved for summary judgment, plaintiff was specifically notified that his claims could be dismissed unless he submitted one or more sworn affidavits contradicting the defendants' version. Because he has failed to submit a sworn affidavit, despite having received proper notice of his obligation to do so, summary judgment is proper. See <u>Salahuddin v. Goord</u>, 467 F.3d 263, 278 (2d Cir. 2006) (accepting defendants' account of the facts when pro se plaintiff, after receiving notice that he needed to submit admissible evidence to create a genuine factual dispute, relied only on unsworn contentions in his pleadings).

8

Plaintiff further claims that he was denied due process in connection with the May 5 hearing because he was found guilty based solely on the female officer's report. Due process requires that the hearing officer's guilty finding be supported by "some reliable evidence." See Sira, 380 F.3d at 76. The female officer's report of the assault satisfies this standard. Plaintiff alleges that the hearing officer's decision is tainted by bias in favor of the female officer, whom he describes as the hearing officer's "white co-worker." Such a conclusory allegation of bias is insufficient to support a due process claim. Plaintiff further alleges that the surveillance videotape exonerates him. But the videotape is not inconsistent with the female officer's version of what occurred. At most, it is inconclusive. Accordingly, plaintiff's due process challenge to the May 5 hearing is properly dismissed.[2]

II. False Arrest

Plaintiff claims that he was falsely arrested in violation of his federal rights as a result of false statements provided to the state police by one or more of the defendants. In reviewing false arrest claims in actions under 42 U.S.C. § 1983, courts look to the law of the state where the arrest occurred. See

---

[2] Plaintiff also claims that he was denied due process in connection with the disciplinary hearing because he did not receive timely consideration of his appeal, but there is no due process right to an appeal in prison disciplinary proceedings. See generally Johnson v. Goord, 487 F. Supp. 2d 377, 386 (S.D.N.Y. 2007).

Davis v. Rodriguez, 364 F.3d 424, 433 (2d Cir. 2004).  In Connecticut, persons reporting criminal activity may be liable for false arrest if they "instigate" an arrest for which there is no probable cause.  See Shattuck v. Town of Stratford, 233 F. Supp. 2d 301, 313 (D. Conn. 2002).

Plaintiff's false arrest claim fails because his conviction on the charge of disorderly conduct establishes that there was probable cause for his arrest.  See Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986) (valid conviction following an arrest establishes probable cause).[3]  Plaintiff emphasizes that he was not convicted on the charge of sexual assault.  In view of the conviction on the disorderly conduct charge, however, the absence of a conviction on the sexual assault charge is irrelevant.  See Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006) ("a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and . . . it is not relevant whether probable cause existed with respect to each individual charge").

III. Access to Courts

Plaintiff claims that defendants deprived him of his federal right of access to courts by failing to properly process his requests to make telephone calls to obtain legal assistance.  An inmate's right of access to courts includes a reasonable

---

[3] Plaintiff offers no allegation or evidence that this conviction was obtained through fraud, perjury, or other corrupt means.  See Cameron, 806 F.2d at 387.

10

opportunity to seek and receive legal assistance.  Benjamin v. Fraser, 264 F.3d 175, 184 (2d Cir. 2001).  The record shows that plaintiff submitted a request to make a legal call on Friday, May 28, 2004, and that the call was completed on Wednesday, June 2, 2004.  There is no evidence that this five-day delay, which included a holiday weekend, "unjustifiably obstruct[ed] the availability of professional representation."  See id. at 187 (quoting Procunier v. Martinez, 416 U.S. 396, 419 (1974)).  Accordingly, this claim is properly dismissed.

CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment is hereby granted.  The Clerk will enter judgment in favor of the defendants dismissing the complaint with prejudice.

So ordered this 22nd day of January 2008.

/s/
Robert N. Chatigny
United States District Judge